UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY L. UNDERHILL,          )
                             )
       Plaintiff,        )
                             )
v.                           )   Case No. 3:13-CV-939 JD
                             )
M. UHLE, *et al.*,           )
                             )
       Defendants.       )

## OPINION AND ORDER

      Ricky L. Underhill, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Nevertheless, the court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

      Here, the plaintiff alleges that in February 2013, he was transferred from Branchville Correctional Facility ("Branchville") to Miami Correctional Facility ("Miami"). Upon his arrival, he expressed concerns for his safety to the intake nurse and the correctional officer working in receiving, due to the fact that there were certain individuals housed at Miami with whom he had "problems" in another facility. He was told to speak with his caseworker manager, M. Uhle. The following morning he spoke with Uhle, and informed her that he had "past and present problems

with certain gang offenders" housed at Miami, and was very concerned about his safety. She denied his request for protective custody, but stated that she would pass on his concerns to M. Schoettmer, the lieutenant in H-dorm where the plaintiff was assigned. A few days later he was moved to P-dorm, but during his move he was "approached and threatened" by one of the offenders he had been concerned about. When he arrived at P-dorm he told J. Townsend, a counselor at the prison, about what had occurred, but Townsend also refused to assign him to protective custody. Over the next few weeks, the plaintiff made repeated requests to be placed in protective custody through oral complaints, grievances, and a classification appeal. The defendants denied his requests.

On March 31, 2013, the plaintiff was approached by a "known gang member," one of the individuals from the plaintiff's past, who told the plaintiff that he had to pay money to the inmate's family member. During this incident the inmate punched the plaintiff in the face. Over the next several days the inmate directed the plaintiff how to send a "Money Gram" to his family member, and continued to harass him during recreation time. The plaintiff complained to the superintendent, who in turn contacted Townsend. Townsend told another guard to watch the plaintiff during recreation time. With the guard surreptitiously watching, the inmate again harassed the plaintiff and forced him to make a phone call about sending the money. Later that same day, the plaintiff was taken to administrative segregation. He remained there until June 21, 2013, when he was transferred to a different facility. Based on these events, the plaintiff sues Townsend, Uhle, and Schoettmer for physical injuries he suffered when the other inmate punched him in the face, as well for the fear and stress these events caused him.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates "from violence at the hand of other inmates." *Grieveson v. Anderson*, 538 F.3d 763, 777

(7th Cir. 2008). Nevertheless, as the Seventh Circuit has observed: "[P]risons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id.* Therefore, a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim, the plaintiff must "allege facts sufficient to show that the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010).

Here, taking the plaintiff's allegations as true, he alleges that he told the defendants on multiple occasions about a specific threat of harm posed by several inmates at Miami, but they refused to do anything to protect him. One of these inmates later threatened him, punched him in the face, and forced him to pay money to the inmate's family. He alleges that these events caused him physical injury and a significant amount of fear for his own safety. Although the defendants ultimately took action to protect the plaintiff, they did not do so until after he had been harmed. Giving the plaintiff the inferences to which he is entitled at this stage, he has alleged a plausible deliberate indifference claim against the defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against M. Uhle, J. Townsend, and M. Schoettmer in their individual capacities for monetary damages for failing to protect him from an attack by another inmate;

(2) DISMISSES any and all other claims contained in the complaint;

(3) GRANTS the plaintiff's motion for service by the U.S. Marshals Service (DE 3);

(4) DIRECTS the U.S. Marshals Service to effect service of process on M. Uhle, J. Townsend, and M. Schoettmer; and

(5) ORDERS M. Uhle, J. Townsend, and M. Schoettmer to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: September 10, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court